IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MEAGAN PANDEY : | |
| 4495 Avery Road : | |
| Hilliard, Ohio 43026 : | |
| : | |
| On behalf of herself and all others : | Case No. 2:09-cv-00550 |
| similarly-situated : | |
| : | |
| Plaintiff, : | JUDGE MARBLEY |
| : | |
| vs. : | |
| : | |
| RASCAL UNIT, LTD. : | JURY DEMAND ENDORSED HEREON |
| c/o Statutory Agent : | |
| Alba Gonzale : | |
| 6082 Tunswell Drive : | |
| Dublin, OH 43016 : | |
| : | |
| -and- : | |
| : | |
| ALBA MICHELLE GONZALEZ : | |
| 6365 Old Avery Road : | |
| Suite 9 : | |
| Dublin, OH 43016 : | |
| : | |
| Defendants. : | |

**SECOND AMENDED COMPLAINT**

**I.     PRELIMINARY STATEMENT**

Plaintiff Meagan Pandey, on behalf of herself and all similarly situated individuals, brings this action, pursuant to 29 U.S.C. § 216(b) and Ohio law, as a collective action, against Defendants Rascal Unit, LTD, and Alba M. Gonzalez, seeking appropriate monetary, declaratory, and injunctive relief based on Defendants' willful failure to compensate employees

with overtime pay and retaliation as required under the Federal Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Ohio Constitution, and O.R.C. § 4111.01, *et. seq*.

On behalf of herself, Plaintiff Meagan Pandey brings this action against Defendants Rascal Unit, LTD, and Alba M. Gonzalez, seeking appropriate monetary, declaratory, and injunctive relief based on Defendants' acts and/or omissions under the FLSA, the Ohio Constitution, and Ohio state law.

On behalf of herself and for the benefit of a qualified plan, Plaintiff Meagan Pandey brings this action against Defendants Rascal Unit, LTD, and Alba M. Gonzalez, seeking appropriate equitable, monetary and injunctive relief based on Defendants' acts and/or omissions under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

## II.     JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over Plaintiff's OMWA claims pursuant to 28 U.S.C. § 1367.

3. This Court has supplemental jurisdiction over Plaintiff's Ohio Constitution claims pursuant to 28 U.S.C. § 1367.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

5. This Court has jurisdiction over Plaintiff's ERISA claims pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). Venue over Plaintiff's ERISA claims lies in the Southern District of Ohio pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

2

### III.     PARTIES

6.     Plaintiff Meagan Pandey is an individual residing at 4495 Avery Road, Hilliard, Ohio 43026. Since approximately January 1, 2007 through December 9, 2008, RASCAL Unit employed Ms. Pandey as a veterinary assistant and kennel worker.

7.     Ms. Pandey brings this collective action on her own behalf and on behalf of those similarly situated. She has given written consent to bring this action to collect unpaid overtime wages under the FLSA. This consent form was filed with Plaintiff's Complaint pursuant to 29 U.S.C. § 216(b).

8.     During all relevant times, Ms. Pandey and individuals similarly-situated were employees covered by the FLSA and Ohio laws governing overtime compensation.

9.     Defendant RASCAL Unit, LTD. is an Ohio Limited Liability Corporation registered to do business in the State of Ohio.

10.     Defendant Dr. Alba M. Gonzalez is the owner of RASCAL Unit, LTD., and is sued in her individual capacity.

11.     During all relevant times, RASCAL Unit, LTD. was an employer and enterprise regularly engaged in interstate commerce as defined in the FLSA, 29 U.S.C. § 203 and an "employer" within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.01(C).

12.     During all relevant times, Dr. Gonzalez directed defendant RASCAL Unit, LTD. pay policy, acted in the interest of defendant RASCAL Unit, LTD. and was an "employer" within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.01(C).

### IV.     FACTS RELATING TO PLAINTIFF'S UNPAID MINIMUM WAGE AND OVERTIME COMPENSATION CLAIMS

13.     Defendants are principally involved in providing veterinary services in Ohio.

14.     Defendants operate their business as a "mobile" veterinary unit and utilize a van to travel to various sites throughout the state.

15.     Plaintiff Pandey originally began working for the defendants as an independent contractor. She worked in this capacity from April 1, 2006 until December 31, 2006.

16.     On January 1, 2007, the defendants hired Ms. Pandey as an employee. She worked for the defendants from January 1, 2007 until her termination on December 9, 2008.

17.     While Ms. Pandey's job title was nominally "manager," her duties were consistent with those of a veterinary assistant and kennel worker.

18.     Plaintiff was paid on a salary of $1,200 every two weeks. Starting July 2008, Plaintiff was paid a salary of $1,500 every two weeks.

19.     During the course of Plaintiff's employment, she worked at least one week without compensation.

20.     During the course of Plaintiff's employment with the defendants, she worked more than forty hours in a workweek.

21.     Plaintiff was never compensated for her overtime.

22.     Defendants did not pay any overtime pay to Ms. Pandey for hours worked beyond 40 in a workweek.

23.     Upon information and belief, other RASCAL Unit employees were also denied overtime pay.

24. Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to overtime pay at an hourly rate not less than one and half times Plaintiff's regular hourly rate.

25. Pursuant to O.R.C. 4111.03, Plaintiff is entitled to overtime pay at an hourly rate not less than one and half times Plaintiff's regular hourly rate.

26. Defendants failed to pay Plaintiff an hourly rate not less than one and a half times her normal hourly rate for each hour above forty that she worked during a workweek.

27. Defendants failed to pay Plaintiff and those similarly-situated an hourly rate not less than one and a half times her normal hourly rate for each hour above forty that she worked during a workweek pursuant to company-wide practices and polices.

28. Pursuant to 29 U.S.C. § 206, Plaintiff is entitled to pay at an hourly rate not less than $5.15 per hour for each hour worked.

29. Defendants failed to pay Plaintiff an hourly rate not less than $5.15 per hour for each hour worked.

30. Pursuant to O.R.C. 4111.02 and Ohio Const. Art. II, § 34a, Plaintiff is entitled to pay at an hourly rate not less than $6.85 per hour for each hour worked.

31. Defendants failed to pay Plaintiff an hourly rate not less than $6.85 per hour for each hour worked.

**V.    FACTS RELATED TO PLAINTIFF'S RETALIATION CLAIM AND VIOLATION OF OHIO CONSTITUTION, ARTICLE II § 34(a).**

32. On May 1, 2009, Plaintiff sent a notarized letter to Defendant, requesting certain information pursuant to the Ohio Constitution, Article II § 34(a). A copy is attached hereto as exhibit A.

5

33. On May 20, Defendant's attorney Fazeel Khan sent Plaintiff a responsive letter alleging in essence that exempt employees are not entitled to receive the information outlined in Article II § 34(a) of the Ohio Constitution.

34. Defendants subsequently refused to furnish Plaintiff's employment information within the thirty days allotted under Article II § 34(a).

## VI.  FACTS RELATED TO PLAINTIFF'S ERISA CLAIMS

35. On or about September 24, 2007, Plaintiff enrolled in a SIMPLE IRA plan established for the benefit of its employees by Defendant Rascal Unit with Fidelity Investments.

36. Plaintiff Pandey contributed $72.00 per month to the plan, which was withheld from her paycheck.

37. Defendants Rascal Unit and Gonzalez represented they were contributing approximately $35.00 per month , or a matching contribution of up to three (3) percent, to the plan on Plaintiff Pandey's behalf pursuant to the plan agreement and summary plan description.

38. Employee and employer contributions were made to the plan on Plaintiff Pandey's behalf from January to April 2008.  No contributions were made to the plan on Plaintiff Pandey's behalf from May to October 2008.

39. Defendants Rascal Unit and Gonzalez continued to deduct money from Plaintiff Pandey's paycheck for the plan contribution from May to October 2008, even though the contributions were never deposited into Plaintiff Pandey's account.

40. Defendants Rascal Unit and Gonzalez did not deposit their required employer contribution to Plaintiff Pandey's Fidelity account from May to October 2008.

6

41. In October 2008, Plaintiff Pandey alerted Defendants Rascal Unit and Dr. Gonzalez that neither her withheld wages nor the promised employer contributions had been remitted to her Fidelity account.

42. It was not until Plaintiff Pandey brought this matter to the attention of Defendants Rascal Unit and Dr. Gonzalez that her withheld wages in the amount of $1,091.42 were returned to her.

43. At all relevant times, Defendants Rascal Unit and Dr. Gonzalez were fiduciaries of the plan.

44. On information and belief, there are no administrative remedies provided for by the plan; therefore, no administrative remedies were available for Plaintiff Pandey to exhaust prior to the filing of this action.

## VII. FACTS RELATED TO PLAINTIFF'S CLAIM FOR CONVERSION OF PERSONAL ITEMS

45. Plaintiff purchased and kept a number of personal items at her desk and workspace at RASCAL Unit.

46. Upon her termination, the defendants refused to allow Ms. Pandey to retrieve and take home her personal items.

47. After her termination, Ms. Pandey requested that she be allowed to retrieve her personal items from her former desk at RASCAL Unit.

48. Defendants denied Ms. Pandey's request to retrieve the items.

## VIII. FACTS RELATED TO PLAINTIFF'S CLAIM TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP, CONVERSION OF INTERNET ACCOUNTS, AND CONVERSION OF DOMAIN NAMES

7

49. On March 12, 2006, Ms. Pandey purchased a basic website hosting plan from SoftCom Technology Consulting Inc ("SoftCom") through their website www.myhosting.com. Part of the hosting plan included access to an online account at www.myhosting.com ("myhosting").

50. The online myhosting account allows the user to establish and manage websites, as well as purchase and manage domain names.

51. Ms. Pandey paid for this account with her own credit card. Ms. Pandey also paid monthly fees associated with the account. She was not reimbursed by the defendants.

52. Ms. Pandey owns the domain name www.rascalunit.com. This domain name is held by Melbourne IT, an Australian internet service provider.

53. After Ms. Pandey set up her online account with SoftCom, she bought other "alias" domain names to www.rascalunit.com through her myhosting account. These alias domain names include www.rascalunit.info, rascal-unit.com, rascalvet.com, www.rascalunit.org, www.rascalcharities.org, www.rascalunit.net, www.rascalcharities.com.

54. While being paid as an independent contractor of the defendants and with the defendants' knowledge, Ms. Pandey created a website to be used by RASCAL Unit. Ms. Pandey allowed the defendants to use her domain name www.rascalunit.com for the website.

55. Ms. Pandey also created "mirror sites" of the RASCAL Unit website by using her alias domain names. The mirror sites were replicas of the primary website.

56. From approximately April 2006 until Ms. Pandey's termination on December 9, 2008, Ms Pandey maintained, updated, and edited the RASCAL Unit website. During this time, Ms. Pandey continued to pay for her myhosting account and domain name registrations without reimbursement from the defendants.

57. The defendants were aware of Ms. Pandey's myhosting account and domain name registrations.

58. After Ms. Pandey's termination, the defendants accessed Ms. Pandey's myhosting account without her knowledge or consent. On information and belief, the defendants were able to access Ms. Pandey's account using information obtained during the course of Ms. Pandey's employment.

59. Once the defendants obtained access to the myhosting account, they changed the relevant account information to assume ownership and control over the account.

60. The defendants also used the myhosting account to assume ownership of Ms. Pandey's alias domain names.

61. The defendants then blocked Ms. Pandey's access to the account.

62. The defendants also accessed Ms. Pandey's account with Melbourne IT. On information and belief, the defendants were able to access Ms. Pandey's account using information obtained during the course of Ms. Pandey's employment.

63. The defendants used this account to assume ownership of the domain name www.rascalunit.com.

## IX. COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff brings her overtime wage FLSA claim pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in class:

> All current or former RASCAL Unit, LTD. veterinary assistants and kennel workers employed throughout Ohio from June 1, 2006 to the present, who were paid on an hourly or salary basis and who, during any seven-day period, were not paid at least the equivalent of one and a half times their regular hourly rate for any hours over forty worked.

9

65. Defendants knowingly and willfully failed to pay its veterinary assistants and kennel workers one and a half times their normal hourly rate for hours worked over forty on a week-to-week basis.

66. Plaintiff is similarly situated to all former and current veterinary assistants and kennel workers.

## X.  CLAIMS FOR RELIEF FOR BOTH PLAINTIFF AND ALL SIMILARLY SITUATED INDIVIDUALS

### A.  First Count: Fair Labor Standards Act – Overtime

67. All preceding paragraphs are fully re-alleged and incorporated herein.

68. By not paying to Plaintiff or similarly-situated individuals at least one and a half times their normal hourly rate per hour worked over forty in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 207(a).

### B.  Second Count: The Ohio Minimum Fair Wage Standards Act – Overtime

69. All preceding paragraphs are fully re-alleged and incorporated herein.

70. By not paying to Plaintiff or similarly-situated individuals at least one and a half times their normal hourly rate per hour worked over forty in a workweek, Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Sec. 4111 *et seq*.

## XI.  CLAIMS FOR RELIEF FOR PLAINTIFF PANDEY ONLY

### C.  Third Count: Conversion of Personal Property

71. All preceding paragraphs are fully re-alleged and incorporated herein.

72. By wrongfully exercising dominion over Ms. Pandey's personal property and/or withholding it from Ms. Pandey's possession inconsistent with her rights to the property, the defendants committed the tort of conversion.

**D.     Fourth Count: Conversion of Internet Account**

73.     All preceding paragraphs are fully re-alleged and incorporated herein.

74.     By wrongfully exercising dominion over Ms. Pandey's myhosting account and/or restricting her access to it in a way that was inconsistent with her rights to the account, the defendant's committed the tort of conversion.

**E.     Fifth Count: Conversion of Domain Names**

75.     All preceding paragraphs are fully re-alleged and incorporated herein.

76.     By wrongfully exercising dominion over Ms. Pandey's domain names and/or withholding them from Ms. Pandey's possession inconsistent with her rights to the domain names, the defendants committed the tort of conversion.

**F.     Sixth Count: Interference with Business Relationships**

77.     All preceding paragraphs are fully re-alleged and incorporated herein.

78.     The defendants were aware of Ms. Pandey's business relationship with SoftCom.

79.     Because the defendants intentionally caused a termination of that relationship to the detriment of Ms. Pandey, they unlawfully interfered with Ms. Pandey's business relationship.

**G.     Seventh Count: Retaliation in violation of Ohio Constitution Article II § 34(a)**

80.     All preceding paragraphs are fully re-alleged and incorporated herein.

81.     Defendants retaliated against Plaintiff by refusing to provide her with her employment information as required by the Ohio Constitution Article II § 34(a).

**H.     Eighth Count: Breach of Fiduciary Duty**

82.     All preceding paragraphs are fully re-alleged and incorporated herein.

83. Defendants Rascal Unit and Gonzalez failed to discharge their duties solely in the interest of the participants and beneficiaries of the plan pursuant to ERISA § 409 by failing to make contributions on Plaintiff Pandey's behalf to her SIMPLE IRA in violation of ERISA § 502(a)(2).

84. By failing to make the contributions on Plaintiff Pandey's behalf, Defendants' conduct fell below the applicable standard of care, which is that of a prudent man.

85. As a result of Defendants' conduct, Plaintiff Pandey has been damaged as set forth below.

### I.     Ninth Count: Breach of Fiduciary Duty

86. All preceding paragraphs are fully re-alleged and incorporated herein.

87. Defendants Rascal Unit and Gonzalez failed to discharge their duties pursuant to ERISA § 409 by failing to make contributions to Plaintiff Pandey's SIMPLE IRA.

88. By failing to make the contributions on Plaintiff Pandey's behalf, Defendants' conduct fell below the applicable standard of care.

89. As a result of Defendants' conduct, Plaintiff Pandey has been damaged as set forth below and is entitled to appropriate equitable relief pursuant to ERISA § 502(a)(3) to redress Defendants' violations.

### J.     Tenth Count: Fair Labor Standards Act – Minimum Wage

90. All preceding paragraphs are fully re-alleged and incorporated herein.

91. By not paying at least $5.15 per hour for all hours worked prior to July 24, 2007, and $5.85 per hour for all hours worked subsequent to July 24, 2007 to Plaintiff, Defendants have violated the FLSA, 29 U.S.C. § 206(a).

**K.    Eleventh Count: The Ohio Minimum Fair Wage Standards Act – Minimum Wage**

92.    All preceding paragraphs are fully re-alleged and incorporated herein.

93.    By not paying at least $6.85 per hour for all hours worked in 2007, and $7.00 per hour for all hours worked in 2008 to Plaintiffs, Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Sec. 4111 *et seq.*

**L.    Twelfth Count: Violation of the Ohio Constitution**

94.    All preceding paragraphs are fully re-alleged and incorporated herein.

95.    By not paying at least $6.85 per hour for all hours worked in 2007, and $7.00 per hour for all hours worked in 2008 to Plaintiff, Defendants have violated Ohio Const. Art. II § 34a.

**XII.    PRAYER FOR RELIEF FOR BOTH PLAINTIFF AND ALL SIMILARLY SITUATED INDIVIDUALS**

**WHEREFORE**, Plaintiff and similarly situated individuals are entitled to and pray for the following relief:

A.    An order permitting this litigation to proceed as a representative action and a collective action;

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), to all persons similarly situated that this litigation is pending and that they have the right to "opt in" to this litigation;

C.    An injunction prohibiting Defendant from engaging in future overtime pay violations in regard to its employees;

D.    Compensatory damages in an amount equal to the difference between the overtime wages required under the FLSA and the OMWA and the amount of pay actually paid by Defendant;

E. Liquidated damages to the fullest extent permitted under federal and state law; and

F. Costs and attorneys' fees to the fullest extent permitted under federal and state law.

### XIII. PRAYER FOR RELIEF FOR PLAINTIFF ONLY

**WHEREFORE**, Plaintiff is entitled to and prays for the following relief:

A. Actual, compensatory damages, and punitive damages;

B. Compensatory and/or punitive damages pursuant to the anti-retaliation provision of Ohio Constitution Article II § 34(a) in an amount of not less than $150 per day that the violation continues;

C. Liquidated damages to the fullest extent permitted under federal and state law;

D. A lump sum equal to the amount of employer contributions owed to Plaintiff Pandey from May 2008 to October 2008 pursuant to the plan agreement and summary plan description;

E. Statutory damages of $100.00 per day due to each violation of ERISA with respect to Defendants' failure to make contributions to Plaintiff's SIMPLE IRA;

F. Costs and attorneys' fees to the fullest extent permitted under federal and state law.

G. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

 /s/ Andrew Biller
Andrew Biller (0081452) (*andrewbilleresq@gmail.com*)
Trial Counsel for Plaintiffs

14

                                      THE LAW FIRM OF ANDREW BILLER
                                      3789 Preserve Crossing Blvd.
                                      Gahanna, Ohio 43230
                                      (614) 939-9022
                                      Fax (614) 583-8107
                                      Lisa M. Critser (0079262) (*lmcritser@gmail.com*)
                                      Co-counsel for Plaintiffs
                                      P.O. Box 1732
                                      Powell, OH 43065
                                      (614) 266-6193
                                      Fax (614) 448-9476

                                                     **JURY DEMAND**

Plaintiffs request a trial by a jury of eight (8) persons.


                                           _/s/ Andrew Biller_____
                                           Andrew Biller



                                               **Certificate of Service**

    I hereby certify that on December 21, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

                                  John Herbert and Fazeel Khan
                                100 W. Wilson Bridge Road, Suite 100
                                      Worthington, OH 43085



/s/ Andrew Biller _____