IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MEAGAN PANDEY,                          :

        Plaintiff                    :       Civil Action 2:09-cv-550

   v.                                   :

RASCAL UNIT, LTD., *et al.*,             :       Magistrate Judge Abel

        Defendants.                  :

**OPINION AND ORDER**

I.    <u>Factual and procedural background</u>.

Plaintiff filed this action on July 2, 2009, and filed amended complaints on August 28, 2009 and January 26, 2010. She alleged, *inter alia*, the following: In 2007 and 2008, Plaintiff was employed by Defendant RASCAL Unit, Ltd., a proprietor of mobile veterinary services, as a veterinary assistant and kennel worker. Although her job title was "manager", this was only nominal. She was paid a salary of $1,200 every two weeks, later raised to $1,500. However, although she sometimes worked more than forty hours in a week, she was never paid overtime, nor were any other employees. On May 1, 2009, Plaintiff sent a letter to Defendants requesting information about her employment pursuant to Article II, §34a of the Ohio Constitution. On May 20, 2009, Defendants' attorney sent her a

1

response stating that she would not receive this information.[1] Plaintiff was eventually terminated on December 9, 2008.

On September 18, 2009, Plaintiff filed a motion for judgment on the pleadings, claiming that she was entitled to judgment as a matter of law on her claims arising out of her letter to Defendants. On February 4, 2010, pursuant to the Court's directive, she filed notice that she considered her motion for judgment on the pleadings still at controversy, despite the intervening filing of her second amended complaint and Defendants' answer and counterclaim thereto.

Pursuant to Federal Rule of Civil Procedure 12(c), "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When ruling on such a motion, the court must accept all well-pleaded material allegations in the complaint as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *Tucker v. Middleburn-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

II. <u>Analysis</u>.

Plaintiff has raised, in her second amended complaint, two claims for violation of the minimum wage provision of the Ohio Constitution, Art. II §34a.

---

[1] Defendants, in their answer, admit receiving Plaintiff's letter, although, as discussed below, they state that the letter requested information under (the irrelevant) Article II, §34, not §34a. (Doc. 25 at 5.) Defendants also answered that their attorney's response stated that they were not required to keep the information sought. (*Id.*)

One (Count 12) is a direct allegation that Defendants failed to pay her at least $6.85 or $7.00 per hour as required by that provision. It is not presently at issue. The second (Count 7) is entitled "Retaliation in violation of Ohio Constitution Article II §34(a)." It sets forth, in its entirety:

> 80. All preceding paragraphs are fully re-alleged and incorporated herein.
>
> 81. Defendants retaliated against Plaintiff by refusing to provide her with her employment information as required by the Ohio Constitution Article II § 34(a).

This cause of action is based upon the following portion of §34a:

> An employer shall at the time of hire provide an employee the employer's name, address, telephone number, and other contact information and update such information when it changes. An employer shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed. Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request. An employee, person acting on behalf of one or more employees and/or any other interested party may file a complaint with the state for a violation of any provision of this section or any law or regulation implementing its provisions. Such complaint shall be promptly investigated and resolved by the state. The employee's name shall be kept confidential unless disclosure is necessary to resolution of a complaint and the employee consents to disclosure. The state may on its own initiative investigate an employer's compliance with this section and any law or regulation implementing its provisions. The employer shall make available to the state any records related to such investigation and other information required for enforcement of this section or any law or regulation implementing its provisions. No employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same.

Attached to her complaint is a copy of the letter sent by Plaintiff to Defendants on May 1, 2008. It read:

> I am formally requesting my employment information pursuant to the Ohio Constitution, Article II § 34. Please send me all information that you are required keep [sic] under Article II §34 including, but not limited to my:
>
> occupation
> pay rate
> hours worked for each day worked
> amount earned and paid by you
>
> I am also requesting that you send me a list of my job duties and responsibilities that you considered when determining my "occupation" as above.
>
> I appreciate your attention to this matter and expect a written response within 30 days of receipt of this letter. Thank you.

(Doc. 23-1.) Defendants, in their answer, "admit that, by letter of May 20, 2009, attorney Fazeel Khan informed plaintiff Rascal Unit was not required to keep the information she sought." (Doc. 25 at 5.)

As quoted above, §34a mandates that "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section". The allegation Plaintiff has pled, however, does not match the conduct prohibited by this constitutional provision. "Retaliation", though the term is not defined in the Ohio Constitution, generally requires (1) that a plaintiff engage in activity protected by a constitution or statute, (2) that a defendant take an adverse action against the defendant, and (3) that this adverse action be motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 386-

4

387 (6th Cir. 1999) (defining a retaliation claim for purposes of 42 U.S.C. §1983).

The allegation that Plaintiff makes in paragraph ¶81 of her complaint is not retaliation. She states: "Defendants retaliated against Plaintiff by refusing to provide her with her employment information as required by the Ohio Constitution Article II § 34(a)." Plaintiff has alleged that Defendants took an adverse action against her – refusing to provide her with the employment information to which she claims to be entitled – but has not alleged that this was in retaliation *for* anything. Moreover, the only conduct which §34a protects is employees exercising their rights under it. Plaintiff cannot claim that Defendants' refusal to provide her employment information – whether or not Defendants had a legal duty to do so – was itself retaliation for having made the request at all.

Plaintiff has therefore failed to state a claim cognizable under the retaliation clause of §34a. However, in her motion for judgment on the pleadings, she states that:

> This count may be broken up into two separate claims: 1) Plaintiff claims that Defendants violated the Ohio Constitution Article II §34(a) ("Section 34a") by refusing to provide Plaintiff with her employment information. 2) Plaintiff claims that Defendants acted in a retaliatory manner.

(Doc. 7 at 1-2.) She also states that she considers these to be two separate claims, and that "Plaintiff intends to litigate her retaliation claim separately from her Section 34a violation claim." (*Id.* at 2.) Plaintiff argues, incorrectly, that "[n]or is a 'retaliation' inquiry relevant to what remedies are available to Plaintiff for a violation of Section 34a." (*Id.*) Section 34a provides a remedy of "an amount set by

5

the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued" only for violations of "an anti–retaliation provision". *See also* O.R.C. §4111.14(J). Plaintiff seeks, in her prayer for relief, the $150 per day damages "pursuant to the anti-retaliation provision". (Doc. 23 at 14.)

It is not entirely clear from §34a, however, what damages an employee can seek for a mere refusal to provide information – that is, for what Plaintiff has identified as the other half of her §34a claim. That constitutional provision provides, for general violations of "any provision of this section", "back wages, damages, and the employee's costs and reasonable attorney's fees." The "damages" themselves have been defined in O.R.C. §4111.14(J) as "an additional two times the amount of the back wages", which are not applicable to a refusal to provide information claim. Ultimately, it appears that the only damages obtainable in a civil claim under §34a solely for refusal to provide information are the "costs and reasonable attorney's fees" themselves.[2]

The question at bar, then, is whether Defendants violated §34a in refusing to provide Plaintiff with the information she requested in her letter. Defendants offer

---

[2] Plaintiff, in her motion, invites the Court to fashion new remedies for failure to disclose employment information, such as barring Defendants from presenting certain evidence concerning Plaintiff's employment, or consequential attorney's fees relating to other claims in this case. (Doc. 7 at 14-15.) The Court will not grant any remedy pertaining to violations of §34a not provided for in §34a, and these encompass only "the employee's costs and reasonable attorney's fees." While Plaintiff objects that these may not necessarily be "[p]enalties of substance", they are the penalties established in the Ohio Constitution.

three defenses: first, that Plaintiff did not actually request production of records pursuant to §34a, because she referred to it in her letter as "§34"; second, that because §34a "regulates minimum wage, not overtime, it is irrelevant to this dispute"; and third, that because neither §34a nor its implementing statute, O.R.C. §4111.14 , provided a remedy for failure to keep or provide records, the Court should conclude that this omission was intentional and decline to create one. The Court has addressed the third of these arguments above. Section 34a provides a remedy of costs and attorney's fees for a violation of "any provision of this section", including those which might potentially have required Defendants to keep and provide records.

As to the second, Defendants point out correctly that Article II, Section §34 is a different provision of the Ohio Constitution, and that Plaintiff's letter referred only to §34. They state that, in their answer, they admitted only to informing Plaintiff that they were not required to keep information under §34, not failing to provide information required under §34a, and that Plaintiff did not request information pursuant to §34a. Defendants' position is disingenuous, *quod de minimis lex non curat*. Plaintiff requested certain information such as "occupation", "pay rate", "hours worked for each day worked", and "amount earned and paid by you", to which Article II, §34a of the Ohio Constitution creates a constitutional right. That Plaintiff erroneously cited §34 rather than §34a in her demand does not diminish whatever right she had to the information, and did not fail to provide Defendants notice of what information she wanted.

7

The remaining question, therefore, is whether Defendants had any obligation to keep the information Plaintiff requested at all. Defendants note that the statute implementing §34a, O.R.C. §4111.14(A), was enacted as part of HB 690. This bill, at §6, set forth legislative findings that §34a was generally known as the Ohio Fair Minimum Wage Amendment, and that "employers need not keep irrelevant records for non-hourly employees". They argue that Plaintiff has brought suit for an overtime violation, not a minimum wage violation. "Thus, because Art. II §34a has no application to overtime, it is irrelevant to this dispute." Plaintiff rejoins that an employee's demand by constitutional right for her employment records is not dependent upon an underlying action for failure to pay minimum wage.

The plain text of Article II, §34a states that "[a]n employer shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee... Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request." It further provides that employees may bring suit "for any violation of this section". On its face, therefore, this constitutional provision – even though §34a was enacted generally for the purpose of regulating the minimum wage – does not limit itself to a particular application, and whatever rights it establishes do not depend upon the existence and nature of some extrinsic dispute. *See also* O.R.C. §4111.14(G).

Defendants argue that, according to the Ohio General Assembly's legislative findings in HB 690 §6(B)(5), §34a does not require employers to keep records for any

8

purpose save minimum wage. However, this conclusion is contradicted by the text of the statute implemented in the same bill. O.R.C. §4111.14 explicitly addresses employers' record-keeping requirements for employees not subject to minimum wage or overtime requirements:

> (F) In accordance with Section 34a, of Article II, Ohio Constitution, an employer shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked, and each amount paid an employee for a period of not less than three years following the last date the employee was employed by that employer. As used in division (F) of this section:
>
> [...]
>
> (2)(a) With respect to employees who are not exempt from the overtime pay requirements of the Fair Labor Standards Act or this chapter, "pay rate" means an employee's base rate of pay.
>
> (b) With respect to employees who are exempt from the overtime pay requirements of the Fair Labor Standards Act or this chapter, "pay rate" means an employee's annual base salary or other rate of pay by which the particular employee qualifies for that exemption under the Fair Labor Standards Act or this chapter...
>
> [...]
>
> (4)(a) Except for individuals specified in division (F)(4)(b) of this section, "hours worked for each day worked" means the total amount of time worked by an employee in whatever increments the employer uses for its payroll purposes...
>
> (b) An employer is not required to keep records of "hours worked for each day worked" for individuals for whom the employer is not required to keep those records under the Fair Labor Standards Act and its regulations or individuals who are not subject to the overtime pay requirements specified in section 4111.03 of the Revised Code.

Furthermore, O.R.C. §4111.14(G) holds specifically that:

> In accordance with Section 34a of Article II, Ohio Constitution, an employer must provide such information without charge to an

> employee or person acting on behalf of an employee upon request. As used in division (G) of this section:
>
> (1) "Such information" means the name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee who has requested that specific employee's own information and does not include the name, address, occupation, pay rate, hours worked for each day worked, or each amount paid of any other employee of the employer. "Such information" does not include hours worked for each day worked by individuals for whom an employer is not required to keep that information under the Fair Labor Standards Act and its regulations or individuals who are not subject to the overtime pay requirements specified in section 4111.03 of the Revised Code.

The implementing provisions of the Ohio Revised Code, therefore, specifically provide that employers must keep and provide certain information concerning their employees, even for employees who are not subject to minimum wage or overtime laws. Therefore, whether or not Plaintiff was exempt from overtime laws, Defendants were obligated to maintain and provide, at a minimum, Plaintiff's name, address, and occupation. The Court does not examine today the question of whether Plaintiff was exempt from overtime laws. Nevertheless, if Defendants contended that she was, they should have additionally furnished her "annual base salary or other rate of pay". O.R.C. §4111.16(F)(2)(b). Defendants could not, however, refuse to maintain and provide any information at all – even for an overtime exempt employee.

3. <u>Conclusion</u>.

Accordingly, Plaintiff's Motion for Judgment on the Pleadings (Doc. 7) is **GRANTED IN PART**. To the extent that Plaintiff asserted in her second amended complaint that Defendants retaliated against her in violation of Article II, Section §34a of the Ohio Constitution, she has failed to state a claim upon which relief can be granted. To the extent that she asserted in her second amended complaint that Defendants failed to furnish to her, upon her request, certain information to which she was entitled as an employee in Ohio in violation of Article II, Section §34a, she is entitled to judgment on the pleadings.

s/Mark R. Abel
United States Magistrate Judge
