IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEAGAN PANDEY, | : | |
| Plaintiff | : | Civil Action 2:09-cv-550 |
| v. | : | |
| RASCAL UNIT, LTD., *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

On September 18, 2009, Plaintiff moved for judgment on the pleadings. On February 4, 2010, in response to the Court's inquiry, Plaintiff filed notice that she still wished the Court to consider this motion. In it, she asked the Court to find that Defendants had violated Article II, §34a of the Ohio Constitution, and O.R.C. §4111.14, by failing to provide her with certain employment records upon her request. Plaintiff requested a declaration that she was entitled to the employment records, a finding that Defendants had violated both §34a and §4111.14, an order that Defendants produce the employment records within thirty days, and an order that Defendants be barred from presenting certain evidence at trial, as well as an award of attorney's fees and costs.

On April 30, 2010, the Court issued an opinion granting the motion in part. The Court found that Defendants had violated §34a by failing to furnish Plaintiff,

upon request, her employment records, and that the sole remedy to which she was entitled was "the employee's costs and reasonable attorney's fees" provided for by §34a. Plaintiff has now filed a motion for attorney's fees (Doc. 35), asking that the Court award her in $16,825.00 in fees for her two attorneys and $363.40 in costs and expenses. Defendants oppose this motion, and suggest that the Court instead award her $500.00.[1]

Plaintiff's motion was accompanied by a somewhat detailed itemization of the 73.8 hours, at $200 per hour, claimed by Mr. Biller, and the 11.8 hours, at $175 per hour, claimed by Ms. Critser. Defendants object to much of the time billed on grounds that Plaintiff's counsel have listed fees for the entirety of this litigation, not simply the employee records claim upon which the Court granted judgment. They point out that the Court granted little of what Plaintiff had sought in her motion – refusing, for instance, to bar Defendants from presenting certain related evidence at trial. Defendants characterize the Court's ruling that Plaintiff was entitled to receive her employment records under §34a as unfruitful and an "interesting intellectual exercise", asking "so what?" (Doc. 38 at 5.)

Ohio's voters chose to amend the Ohio Constitution to add §34a, including its provision which (as the Court previously found) requires employers to produce certain records to their employees upon request. Although, as Defendants state, Plaintiff "now has all of the information she requested either through defendants'

---

[1] Defendants offer no basis for this figure, which they nevertheless suggest is "more than adequate". (Doc. 38 at 6.)

Rule 26(f) report or discovery", it is now a matter of constitutional law in Ohio that employees should not be required to sue in order to obtain their employment records. Plaintiff requested her records, and did not receive them; §34a provides that, since she was obligated to then sue for them, the losing defendant must pay reasonable attorney's fees. Whether or not this is a trivial matter, "intellectual exercise", or a "footnote irrelevant to the outcome of this lawsuit", the Court is obligated to honor and impose the penalty provided by the Ohio Constitution.

Nevertheless, the Court is not obligated to simply accept the assertions of Plaintiff's counsel at face value. It will look to the law of Ohio to determine what Article II, §34a of the Ohio Constitution means by "reasonable" attorney's fees. The reasonableness of such an award is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, and then modifying this initial determination upon a consideration of the factors set forth in Rule 1.5(a) of the Ohio Rules of Professional Conduct.[2]  *Bittner v. Tri-County*

---

[2]Rule 1.5(a) identifies, as relevant factors:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.

*Toyota*, 58 Ohio St.3d 143, 145 (1991). *See also McClure v. Fischer Attached Homes*, 146 Ohio Misc.2d 70, 72 (Ohio Com. Pl. 2008); *Coon v. Technical Constr. Specialties, Inc.*, 2010-Ohio-417 at ¶33 (Ohio App. Feb. 10, 2010).

As noted above, the parties disagree as to whether Plaintiff is entitled to fees unrelated to her motion for judgment on the pleadings. Defendants suggest that, from the invoices provided, only 24.7 hours of Mr. Biller's time and 2 hours of Ms. Critser's time is actually relevant to the motion upon which they prevailed (and to the fee application itself). They therefore posit that no more than $5,290.00 is reasonably related, and argue that this should be discounted still further given that Plaintiff received only modest success in a partial award of judgment. Plaintiff rejoins that her victory is legally significant and has created a noteworthy precedent, and that work attributable to the general prosecution of her case is compensable.

The Court has observed already that §34a creates a constitutional right in Ohio for an employee to obtain certain records from her employer, and that the imposition of a duty upon an employer to provide them implies that the employee should not have to sue. It is for this reason that a plaintiff can recover the fees which she should never have had to expend. However, Plaintiff has other claims in this matter unrelated to the record-keeping provisions of §34a, and her counsel performed other work in this case between the Court's grant of judgment and the filing of the motion at bar. The Court finds that the number of hours "reasonably expended on the litigation" can be best determined by estimating what work would

4

have been performed had Plaintiff sued for violation of §34a's record-keeping provision alone. It will therefore permit the hours expended through September 18, 2009, the date upon which Plaintiff's motion for judgment on the pleadings was filed, work expended upon her reply brief in support, and the research and drafting of this fee petition. It will not permit hours relating to discovery, mediation, the preparation of the parties' Rule 26(f) report, amendment of the pleadings, or other such matters.[3]

Therefore, the Court finds that Mr. Biller billed 40.0 relevant hours, and that Ms. Critser billed 4.9 relevant hours. At their stated hourly rates, this would make a total of $8,857.50 in legal fees.[4] However, the Court will, as Rule 1.5(a)(4) requires, consider "the amount involved and the results obtained". In the first place, whatever the precedential value of this dispute, considerations of what use it may be to other litigants are irrelevant to Plaintiff herself. In the second place, Plaintiffs argue that

> Because Plaintiff received everything she is entitled to receive under Ohio Const. Art. II §34(a), she is entitled to a fully compensable attorney's fee award. Plaintiff's fee award should not be reduced based on the Court not awarding her damages or remedies not legally available.

(Doc. 39 at 3.) Much of Plaintiff's motion (and, presumably, the work spent

---

[3] Plaintiff's motion was for judgment on the pleadings; discovery was unnecessary to the determination of her §34a records claims.

[4] Defendants do not challenge the hourly billing rates of Plaintiff's counsel. (Doc. 38 at 2.)

5

preparing it) was devoted to attempting to convince the Court to award her "damages or remedies not legally available". This included, for instance, a lengthy argument that Defendants' failure to respond to Plaintiff's pre-litigation request for her records should be considered analogous to a deliberate refusal to comply with discovery obligations imposed by the Federal Rules of Civil Procedure, and should be punished by prohibiting Defendants from presenting almost any evidence at all.[5] (Doc. 7 at 14-15.) The narrow scope of the Court's opinion did not entertain these requests.[6] Plaintiff now appears to be arguing that, since she got everything she was entitled to, she enjoyed a complete success. This reasoning is circular and unpersuasive.

Plaintiff carried her point, and she prevailed on her claim under §34a for

---

[5]Plaintiffs requested:

> Instead, Defendants should be prohibited from producing any evidence related to the information that Section 34a requires Defendants to maintain. Specifically, Defendants should be prohibited from presenting evidence regarding the following issues: Plaintiff's pay rate, Plaintiff's occupation or job duties, Plaintiff's hours worked for each day worked, and each amount paid to Plaintiff for a period of at least three years. Such a prohibition will prevent Defendants from benefitting from withholding wage and hour information.

(Doc. 7 at 14-15.) As Defendants point out, this would have essentially prevented them from offering any defense to this action.

[6] The Court observes that "the results obtained" also encompassed a dismissal of what Plaintiff asserted was a counterpart claim under §34a for retaliation, on grounds that she had failed to state a claim upon which relief could be granted. Plaintiff stated that she was not moving for judgment on the pleadings with respect to this claim, but the Court found it analytically inseparable. (Doc. 33 at 4-6.)

failure to produce employment records.  Symbolic or technical victories are often, especially in contexts such as constitutional law, accompanied by awards of attorney's fees despite the modest scope of actual relief enjoyed by the plaintiff. However, the Court acknowledges Defendants' argument that the real thrust of Plaintiff's motion was to attempt to exclude certain information from evidence, and that it was not successful.  The Court will discount half of the time billed by each attorney on this motion, which amounts to a subtraction of 9.6 hours for Mr. Biller and 0.9 hours for Ms. Critser.

Therefore, accordingly, Plaintiff's motion for an award of attorneys' fees and costs (Doc. 35) pursuant to Article II, §34a of the Ohio Constitution is **GRANTED**. Plaintiff is awarded $6,080 in attorney's fees for 30.4 hours of Mr. Biller's time, and $700.00 in attorney's fees for 4.0 hours of Ms. Critser's time, for a total of **$6,780.00**. In addition, Plaintiff is awarded **$363.40** for postage and filing fees.

**IT IS SO ORDERED**.

s/Mark R. Abel
United States Magistrate Judge